UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENDA WILDE and GEORGE LaPRELL, as Parents and Natural Guardians of CAITLIN LaPRELL,

                              Plaintiffs,

  v.

CSX TRANSPORTATION, INC. and ROSS A. CORDARO,

                              Defendants.

**DECISION AND ORDER**
14-CV-50S

## I.  INTRODUCTION

Plaintiffs, who are New York citizens, commenced this action in New York State Supreme Court, Erie County in December 2013. Although Defendant Ross A. Cordaro is also a New York citizen, Defendant CSX Transportation, Inc. ("CSX"), a corporate citizen of Florida, removed the matter to this Court on January 21, 2014, asserting that diversity jurisdiction nonetheless existed because Cordaro was fraudulently joined for the purpose of defeating such diversity. Presently before the Court is Plaintiffs' motion to remand this matter back to state court. This Court finds the matter fully briefed and oral argument unnecessary. For the reasons that follow, Plaintiffs' motion is denied.

## II. DISCUSSION

Pursuant to 28 USC § 1441 (a), a defendant may remove an action commenced in state court to a federal district court where the district court has original jurisdiction over the matter. "Where, as here, jurisdiction is asserted by a defendant in a removal petition,

it follows that the defendant has the burden of establishing that removal is proper." United Food & Comm. Workers Union v. CenterMark Props. Meriden Square, 30 F.3d 298, 301 (2d Cir. 1994). Removal jurisdiction is strictly construed in light of the limited jurisdiction of federal courts and out of respect for states' rights, with all doubts resolved against removal. In re Methyl Tertiary Butyl Ether ("MTBE") Prods. Liab. Litig., 488 F.3d 112, 124 (2d Cir. 2007). Thus, in considering a motion to remand, the district court must "resolve[] any uncertainties in applicable state law in plaintiffs' favor and subject[] the complaint to less searching scrutiny than on a motion to dismiss for failure to state a claim." Intershoe, Inc. v. Filanto S.P.A., 97 F. Supp. 2d 471, 474 (S.D.N.Y. 2000). The appropriateness of removal is evaluated by the pleadings as they existed at the time the petition for removal was filed. Blockbuster, Inc. v. Galeno, 472 F.3d 53, 56-57 (2d Cir. 2006); Vera v. Saks & Co., 335 F.3d 109, 116 n. 2 (2d Cir. 2003).

Federal jurisdiction predicated on diversity of citizenship requires that all adverse parties be citizens of different states, and that no properly joined defendant be a citizen of the forum state. 28 U.S.C. §§ 1332 (a)(1); 1441 (b)(2); Herrick Co., Inc. v SCS Commc'ns, Inc., 251 F.3d 315, 322 (2d Cir. 2001). Nonetheless, "a plaintiff may not defeat a federal court's diversity jurisdiction and a defendant's right of removal by merely joining as defendants parties with no real connection with the controversy." Pampillonia v RJR Nabisco, Inc., 138 F.3d 459, 460-461 (2d Cir. 1998).

> In order to show that naming a non-diverse defendant is a "fraudulent joinder" effected to defeat diversity, the defendant must demonstrate, by clear and convincing evidence, either that there has been outright fraud committed in the plaintiff's pleadings, or that there is no possibility, based on the pleadings, that a plaintiff can state a cause of action against the non-diverse defendant in state court.

Id. at 461; see Brown v Eli Lilly and Co., 654 F.3d 347, 356 (2d Cir. 2011)(adhering to the requirement that there be no possibility that claims against the non-diverse defendant could be asserted in state court); Locicero v Sanofi-Aventis U.S. Inc., No. 08-CV-489S, 2009 WL 2016068, *2, 4 (W.D.N.Y. July 10, 2009)(same).

      Here, Plaintiffs' Complaint asserts two causes of action seeking damages for personal injuries sustained by the infant Plaintiff when she fell from a bridge or trestle portion of CSX's railroad tracks.   The first cause of action alleges negligence on the part of CSX in its failure to properly secure, inspect, repair, and/or maintain the bridge/trestle in a safe manner despite knowledge of its use by pedestrians. (Compl. ¶¶ 4-7.)   The second cause of action alleges that Defendant Codaro, "in furtherance of his duties and within the scope of his employment for [CSX]" negligently inspected the bridge/trestle and surrounding area prior to the accident. (Compl. ¶¶ 9-11.)   As a result, Defendant CSX "is vicariously liable to the plaintiffs for the negligence of [Defendant Cordaro]." (Compl. ¶ 12.)

      In removing the matter to this Court, Defendant CSX notes that the second cause of action expressly alleges only conduct within the scope of Cordano's CSX employment. As such, CSX argues that Cordano cannot be held individually liable under New York law because "[a]n individual acting solely in his capacity as agent of his corporate principal, without any showing of exclusively independent control of operations, cannot be held individually liable for alleged corporate wrongdoing." Mendez v. City of New York, 259 A.D.2d 441, 442, 687 N.Y.S.2d 346 (N.Y.A.D. 1st Dep't 1999); (see Def's Mem in Opp'n at 3-4).

Plaintiffs contend that Defendants cannot establish that there is no possibility of a cognizable claim against Defendant Cordaro because it is undisputed that an employee may also be held individually liable for his or her own tortious acts.  See Reliance Ins. Co. v. Morris Assocs. P.C., 200 A.D.2d 728, 730, 607 N.Y.S.2d 106 (N.Y.A.D. 2d Dep't 1994). Such independent liability, however, requires that the employee or agent affirmatively breached some duty that he or she owed to the plaintiff.  Faddoul v. Norton Co., No. 96-CV-0596E(M), 1996 WL 685714, * 2 (W.D.N.Y. Nov. 21, 1996 (citing Connell v Hayden, 83 A.D.2d 30, 50, 443 N.Y.S.2d 105 (N.Y.A.D. 2d Dep't 1981)).  Thus, "[u]nless the agent has assumed authority and responsibility, as if he were acting on his own account, then the duty which the agent fails to perform is a duty owing only to the principal and not the third party to whom he has assumed no obligation." Jones v. Archibald, 45 A.D.2d 532, 535, 360 N.Y.S.2d 119 (N.Y.A.D. 4th Dep't 1974).

Here, as Defendant CSX argues, Plaintiffs' negligence claim against both Defendants is based on the failure to safely and properly maintain the premises on which the infant Plaintiff fell. (Compl. ¶¶ 6-7, 10.) "[L]iability for a dangerous or defective condition on real property must be predicated upon ownership, occupancy, control or special use of that property." Suero-Sosa v. Caronda, 112 A.D.3d 706, 707, 977 N.Y.S.2d 61 (N.Y.A.D. 2d Dep't 2013).  There is no dispute that CSX maintains and controls the property at issue. (Compl. ¶¶ 4-5.)  There are no allegations, however, tending to support a conclusion that Defendant Cordaro assumed any control over or possession of the premises. See Faddoul, 1996 WL 685714 at *2 (fraudulent joinder found in premises liability action where there were no allegations that defendant employee had any indicia of ownership over corporate defendant's property).  Further, there are no allegations

4

tending to show that Defendant Cordaro affirmatively breached any other independent duty owed to Plaintiffs. ; see <u>Murphy v. Cirrus Design Corp.</u>, No. 11-CV-495S, 2012 WL 729263, *3 (W.D.N.Y. Mar. 6, 2012) (no fraudulent joinder where complaint could be liberally construed as alleging that flight instructor, even if an agent of a corporate defendant, affirmatively provided improper training in violation of his own duty to plaintiff). Absent such allegations, there is no possibility that a New York court could construe the Complaint as stating any cognizable claim against Defendant Cordaro.

### III.  CONCLUSION

Defendant CSX has met its burden of establishing that there is no possibility, based on the pleadings filed at the time of removal, that Plaintiffs could state a cause of action against the non-diverse defendant in state court.  Plaintiffs' motion to remand is therefore denied.

### IV.  ORDERS

IT HEREBY IS ORDERED, that Ross A. Cordaro is TERMINATED as a Defendant;

FURTHER, that Plaintiff's Motion to Remand (Docket No. 9) is DENIED.

SO ORDERED.

Dated:   August 30, 2014
         Buffalo, New York

                                            /s/William M. Skretny
                                            WILLIAM M. SKRETNY
                                            Chief Judge
                                            United States District Court