UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRENDA WILDE, et al.,

                    Plaintiffs,

        v.                                          **DECISION AND ORDER**
                                                       14-CV-50S

CSX TRANSPORTATION, INC.,

                    Defendant.

## I. INTRODUCTION

Plaintiffs Brenda Wilde and George LaPrell, as parents and natural guardians of minor Caitlin LaPrell, brought this tort action in New York state court against Defendant CSX Transportation, Inc. ("CSXT"), alleging that Ms. LaPrell sustained injuries due to CSXT's negligence.  CSXT removed the case to this Court pursuant to 28 U.S.C. §§ 1332, 1441(b), and 1446.  Currently pending is CSXT's motion for summary judgment seeking dismissal of the complaint, which Plaintiffs oppose.  For the following reasons, the motion is granted and the Complaint is dismissed.

## II. BACKGROUND[1]

The present action is the result of injuries suffered by Caitlin LaPrell on January 25, 2011, when she fell from a concrete substructure known as a "wingwall" supporting the CSXT railroad trestle bridge over Gowans Road in Angola, New York ("Gowans Bridge").  Ms. LaPrell, who was then fourteen, her older brother, and one of his friends were taking a short-cut along the CSXT tracks from Main Street in the Village of Angola to Gowans Road.  The night was dark and the ground was covered in several inches of

---

[1] Unless otherwise noted, the facts are not in dispute, and are taken from Docket No. 24-2, Defendant's Rule 56.1 Statement, and Docket No. 27-1, Plaintiffs' Rule 56.1 Statement.

fresh snow.   Sometime around 9:00 pm, the three reached Gowans Bridge and attempted to climb down the wingwall to reach Gowans Road.

Gowans Bridge had four "No Trespassing" signs, one located at each corner, as well as railings on either side.  In addition, CSXT placed low concrete blocks with red and white reflective signs on either side of the bridge, which act as barriers to reaching the wingwall.  Therefore, the three were required to climb over a concrete block, in between the railing and the red and white reflective signs, to access the area where the wingwall descended from Gowans Bridge to the road.  As they were descending the snow-covered concrete wingwall, Ms. LaPrell slipped off and fell approximately 12 to 15 feet to the road below.

Both Ms. LaPrell and her brother stated that they had previously used the path along the railroad tracks between Main Street and Gowans Bridge as a short-cut.  Ms. LaPrell's brother also stated that it was common practice for young people to use the railroad tracks to access hang-out spots near Gowans Road.  In the five years prior to Ms. LaPrell's injury, the Angola Police and CSXT recorded twelve reports of trespassers on or near the tracks in the area of Main Street in the Village of Angola, which is approximately half a mile from Gowans Bridge.  The Angola Police recorded only two such reports near Gowans Bridge:  (1) on June 10, 2006, an unidentified motorist reported that youths were seen on top of Gowans Bridge throwing rocks, and (2) on March 30, 2010, youths trespassing on a railroad bridge, which appears to have been Gowans Bridge.[2]  None of the reported incidents involved the wingwall.  In depositions of CSXT employees working in the area, they admitted to general knowledge that

---

[2] CSXT recorded no reports of trespassers near Gowans Bridge in the five years prior to Ms. LaPrell's injury.

people trespass along railroad tracks, but denied specific knowledge of trespassers in the area of Gowans Bridge and the wingwall.

### III. DISCUSSION

"A motion for summary judgment may properly be granted . . . only where there is no genuine issue of material fact to be tried, and the facts as to which there is no such issue warrant the entry of judgment for the moving party as a matter of law." Kaytor v. Elec. Boat Corp., 609 F.3d 537, 545 (2d Cir. 2010).  A court's function on a summary judgment motion "is not to resolve disputed questions of fact but only to determine whether, as to any material issue, a genuine factual dispute exists." Kaytor, 609 F.3d at 545 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249-50, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)).  "A dispute regarding a material fact is genuine 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" Weinstock v. Columbia Univ., 224 F.3d 33, 41 (2d Cir. 2003) cert. denied, 540 U.S. 811 (2003) (quoting Anderson, 477 U.S. at 248).

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Addickes v. S.H. Kress and Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970).  "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991).  The function of the court is not "to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249.  "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary

judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

Plaintiffs allege that CSXT failed to take proper measures to prevent or alert pedestrians of the potential hazard posed by the railroad bridge and wingwall. Plaintiffs argue that it is reasonably foreseeable that persons would enter the tracks from Main Street in Angola and walk the half mile to the accident site because there are no fences or effective warnings. CSXT contends that it is entitled to summary judgment because it did not act negligently, and moves for summary judgment on the grounds that it did not breach its duty to warn, and that it has no duty to fence the area around the wingwall and railroad bridge because trespassers were not reasonably foreseeable and because the railroad bridge and wingwall are open and obvious dangers.[3]

In order to prove negligence, Plaintiffs must demonstrate (1) the existence of a legal duty owed to the LaPrell; (2) a breach of that duty; and (3) injury to LaPrell proximately resulting from such a breach. Leiching v. Consol. Rail Corp., 858 F. Supp. 337, 339 (N.D.N.Y. 1994) (citing Akins v. Glens Falls City School Dist., 53 N.Y.2d 325, 338, 441 N.Y.S.2d 644, 424 N.E.2d 531 (N.Y. 1981)). Where there is no legal duty, there can be no breach, and therefore no liability in negligence. Pulka v. Edelman, 40 N.Y.2d 781, 782, 390 N.Y.S.2d 393, 358 N.E.2d 1019 (N.Y. 1976). The existence and scope of an alleged tortfeasor's duty is, in the first instance, a legal question for determination by the courts. McCarthy v. Olin Corp., 119 F.3d 148, 156 (2d Cir. 1997); Palka v. Servicemaster Mgmt. Servs. Corp., 83 N.Y.2d 579, 585, 611 N.Y.S.2d 817, 634 N.E.2d 189 (N.Y. 1994).

---

[3] CSXT also argues that Ms. LaPrell's claims are preempted by Federal Law and that her own conduct precludes a finding that CSXT was the proximate cause of her injuries. Because this Court has found that CSXT has not breached any duty owed to Ms. LaPrell, it cannot be held liable in negligence. It is therefore not necessary to consider CSXT's remaining arguments as to preemption and causation.

"Duty is essentially a legal term by which we express our conclusion that there can be liability.  It tells us whether the risk to which one person exposes another is within the protection of the law.  In fixing the bounds of that duty, not only logic and science, but policy play an important role."  De Angelis v. Lutheran Medical Center, 58 N.Y.2d 1053, 1055, 462 N.Y.S.2d 626, 449 N.E.2d 406 (N.Y. 1983) (citations omitted).  A landowner in New York has a duty to "act as a reasonable man in maintaining his property in a reasonably safe condition in view of all the circumstances, including the likelihood of injury to others, the seriousness of the injury, and the burden of avoiding the risk."  Basso v. Miller, 40 N.Y.2d 233, 241, 386 N.Y.S.2d 564, 352 N.E.2d 868 (N.Y. 1976) (quoting Smith v. Arbaugh's Rest., 469 F.2d 97, 100 (D.C. Cir. 1972)).  These factors are considered concurrently with questions of foreseeability, which does not vary with the status of the entrant, such as trespasser, invitee, or licensee.  Id.; see also Fuentes v. Conrail, 789 F. Supp. 638, 640 (S.D.N.Y. 1992) ("[A] railroad owes a duty of reasonable care to those on or near a railroad track, whether trespassers or not.").  Instead, New York courts apply a single duty of reasonable care, where foreseeability is taken into account in the use of the land and the possibility of the injury.  Id.  Therefore, although Ms. LaPrell's undisputed status as a trespasser is not dispositive, her "status and purpose on the land are factors to be considered in determining what would be reasonable care."  Gil ex rel. Sosa v. Nat'l R.R. Passenger Corp., No. 02-CV-2687(NG), 2007 WL 2230176, at *3 (E.D.N.Y. Aug. 1, 2007).  In order to determine the foreseeability of one entering without permission, New York courts consider "the facts of the case including the location of the property in relation to populated areas, its accessibility and whether there have been any prior incidents of trespassing in the area

where the injury occurred." Scurti v. City of New York, 40 N.Y.2d 433, 442, 387 N.Y.S.2d 55, 354 N.E.2d 794 (N.Y. 1976).

This Court cannot find, as a matter of law, that CSXT was on notice of trespassers at the site of Ms. LaPrell's injury.  As an initial matter, there is no genuine factual dispute as to whether CSXT had actual notice of trespassers in the area of Gowans Bridge.  The trespassing incidents cited by Plaintiffs include reports from both the Angola Police and CSXT, but none of the reports from CSXT involve the area around Gowans Bridge.  Further, CSXT employees testified that they had never seen or heard of trespassers near Gowans Bridge and the wingwall.[4]  Nor is there a genuine dispute as to whether CSXT had constructive notice of trespassers in the relevant area. This Court is not persuaded by Plaintiffs' arguments that CSXT had constructive notice due to complaints of trespassers at Main Street in the Village of Angola.  The Main Street crossing is approximately half a mile from the Gowans Bridge area, and crosses a populated area surrounded by businesses and residences.  Gowans Bridge, by contrast, runs through a wooded and relatively unpopulated area.  Simply because there were complaints of trespassers in town, it does not follow that it was then foreseeable that trespassers would be present in an unpopulated area several minutes' walk away.  See Bowen v. Nat'l R.R. Passenger Corp., 363 F. Supp. 2d 370, 375 (N.D.N.Y. 2005) ("Despite the miles of tracks that pass through populated areas, trespassers are not presumed to be inevitable entrants and deemed legally anticipated.").  This Court is similarly unpersuaded by Plaintiffs' argument that the

---

[4] Plaintiffs attempt to create a factual dispute by taking deposition testimony out of context and misconstruing it to support their position.  However, in opposing a motion for summary judgment, the non-moving party must do more than show that there is "some metaphysical doubt as to the material facts." McClellan v. Smith, 439 F.3d 137, 144 (2d Cir. 2006) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1986)).

placement of "No Trespassing" signs on the bridge demonstrates CSXT's knowledge or anticipation of trespassers.  This argument is both circular and without merit.  See Arsenault v. State, 96 A.D.3d 97, 105, 946 N.Y.S.2d 276, 282 (3d Dep't 2012) ("the fact that a relatively small group of people would disregard posted warning signs and violate park rules does not demonstrate either the existence of a pervasive enforcement problem or that defendant's efforts to curb such illegal conduct were deficient").

Because CSXT was not on notice of trespassers in the area, the duty owed to Ms. LaPrell was limited and did not include a duty to fence the wingwall.[5]  Bowen v. Nat'l R.R. Passenger Corp., 363 F. Supp. 2d 370, 375 (N.D.N.Y. 2005) ("As one would expect, the scope of the duty owed contracts where a railroad lacks [actual or constructive knowledge of trespassers] and has a reasonable expectation that persons will not be present on its right of way.").  "[R]ailroad owners in New York do not, absent a statutory requirement, have a duty to fence their property to prevent trespassing.  If the duty were otherwise, then the railroad could escape liability for individuals entering upon its property only by enclosing every mile of track by a fence.  The law simply does not impose such an onerous burden."  Gil, 2007 WL 2230176, at *4 (internal citations, quotations, and punctuation omitted).  In view of the circumstances, this Court finds, as a matter of law, that CSXT upheld its duty by maintaining the property around Gowans Bridge, including the wingwall, in a reasonably safe condition.  But, even if CSXT was on notice that trespassers sometimes used the railroad tracks as a path, there would

---

[5] Plaintiffs cite only one case in which a court found that a plaintiff had successfully raised a genuine issue of material fact as to whether a railroad had a duty to fence its property in order to prevent injury to trespassers.  (See Docket No. 27-2 at 17, 24.)  This Court notes Plaintiffs neglected to indicate that the case they cited, Rhinehart v. CSX Transportation, Inc., 1:10-cv-00086-LJV-LGF, 2015 U.S. Dist. LEXIS 156795 (W.D.N.Y. Nov. 17, 2015), is a Magistrate Judge's report and recommendation that is currently under review—with objections—by the District Court.

still not be a duty to fence the wingwall absent specific notice that the wingwall was part of that path.   In a comparable situation, when a defendant landowner was aware that trespassers sat at the base of a dam located on his property and plaintiff was not injured while sitting at the dam, but rather when she jumped from it, the appellate court affirmed the trial court's grant of summary judgment for the defendants.   Tillman v. Niagara Mohawk Power Corp., 199 A.D.2d 593, 604 N.Y.S.2d 649 (3d Dep't 1993).   The court reasoned that defendant, although it had some knowledge of trespassing at the dam, "could not reasonably have foreseen the recreational use of its dam by plaintiff and, therefore, was not obligated to prevent such use or make its facility safe for such use." Id. at 594.

Finally, the wingwall from which Ms. LaPrell fell was an open and obvious danger, and "it is well established that there is no duty to warn of a hazard that is readily observable by the use of one's own senses."   Cramer v. Cty. of Erie, 23 A.D.3d 1145, 1146, 804 N.Y.S.2d 201, 201-02 (4th Dep't 2005).   Nor is there generally a duty to protect the public from such a danger.   See Melendez v. City of N.Y., 76 A.D.3d 442, 442-43, 906 N.Y.S.2d 263, 264 (N.Y. 2010) ("The waterfall was an open and obvious, rather than latent, natural feature of the landscape, and the wet, slippery condition of the ledge was also open and obvious.   The danger of climbing out on the wet ledge of the waterfall was apparent and plaintiff could reasonably have anticipated it.   Thus, the City had no duty to protect park visitors from the waterfall.").   As New York Courts have previously noted:  "Some determined hikers will follow a path of their own choosing to a desired destination regardless of the risk associated with that decision, the signs advising against it or the physical barriers impeding their progress.   And while defendant

indeed cannot turn a blind eye to the behavior of the park's visitors, it also cannot be cast in the role of an insurer of their safety."  Arsenault, 96 A.D.3d at 105.  Here, "the railroad does have a general duty to maintain safe conditions, and may not maintain its land in such a way 'as to constitute a trap.'"  Leiching v. Consol. Rail Corp., 901 F. Supp. 95, 99 (N.D.N.Y. 1995) (quoting Scholl v. New York C.R. Co., 2 A.D.2d 989, 157 N.Y.S.2d 867, 869 (2d Dept. 1956), aff'd, 3 N.Y.2d 989, 169 N.Y.S.2d 906, 147 N.E.2d 475 (N.Y. 1957)).  There are no facts to suggest that CSXT failed to meet that duty in this case:  the area was not maintained in an unsafe manner, and any danger was open and obvious to Ms. LaPrell and her companions.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs have failed to raise a genuine issue of material fact that CSXT was on notice of trespassers at Gowans Bridge or that CSXT breached the duty of maintaining its property in a reasonably safe condition. Accordingly, there has been no negligence and the complaint must be dismissed. Defendant's motion for summary judgment is granted.

## V. ORDERS

IT HEREBY IS ORDERED that Defendant's Motion for Summary Judgment (Docket No. 24) is GRANTED;

FURTHER, that the Clerk of Court is directed to close this case.

SO ORDERED.

Dated: December 20, 2016
Buffalo, New York

/s/William M. Skretny
WILLIAM M. SKRETNY
United States District Judge